## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN

─────────────────────────────────────────────────────────────

ROBERT EARLE BOWNES,

     Plaintiff,

v.

BORROUGHS CORPORATION,

     Defendant.

Case No:    1:20-cv-00964
Honorable:  Hala Y. Jarbou

─────────────────────────────────────────────────────────/

| | |
|---|---|
| Marc Asch (P75499) | WILSON ELSER MOSKOWITZ |
| *Attorney for Plaintiff* | EDELMAN & DICKER, LLP |
| 137 N. Park Street, Suite 201B | Jeffrey C. Hart (P69217) |
| Kalamazoo, Michigan  49007 | *Attorneys for Defendant* |
| (617) 653-8184 | 17197 N. Laurel Park Drive, Suite 201 |
| marc.a.asch@gmail.com | Livonia, Michigan  48152 |
| | (313) 327-3100 / (313) 327-3101 (fax) |
| | jeffrey.hart@wilsonelser.com |

─────────────────────────────────────────────────────────────

## DEFENDANT'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)

─────────────────────────────────────────────────────────────

NOW COMES Defendant, BORROUGHS CORPORATION, by and through their attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, and for their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), hereby  moves this Honorable Court for an Order of Dismissal in Defendant's favor and against Plaintiff. In support of their Motion to Dismiss, Defendant relies upon the accompanying brief.

5837659v.1

Pursuant to W.D. Mich. LCivR 7.1(d), counsel for Defendants sought concurrence in this motion from counsel for Plaintiff on Friday, October 2, 2020 and such concurrence was not granted.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:/s/ Jeffrey C. Hart
Jeffrey C. Hart (P69217)
Attorneys for Defendant
17197 N. Laurel Park Drive, Suite 201
Livonia, MI 48152
Dated: October 12, 2020          Phone: (313) 327-3100

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by USDC Western District E-Filing on October 12, 2020.

By: /s/ Kathleen T. Brennan
        Kathleen T. Brennan

ii

5837659v.1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

_____

ROBERT EARLE BOWNES,

      Plaintiff,              Case No:    1:20-cv-00964
                                  Honorable:  Hala Y. Jarbou

v.

BORROUGHS CORPORATION,

      Defendant.

_____/

| | |
|---|---|
| Marc Asch (P75499) | WILSON ELSER MOSKOWITZ |
| *Attorney for Plaintiff* | EDELMAN & DICKER, LLP |
| 137 N. Park Street, Suite 201B | Jeffrey C. Hart (P69217) |
| Kalamazoo, Michigan  49007 | *Attorneys for Defendant* |
| (617) 653-8184 | 17197 N. Laurel Park Drive, Suite 201 |
| marc.a.asch@gmail.com | Livonia, Michigan  48152 |
| | (313) 327-3100 / (313) 327-3101 (fax) |
| | jeffrey.hart@wilsonelser.com |

_____

DEFENDANT'S BRIEF I SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P 12(b)

_____

iii

<u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ................................................................................v

TABLE OF EXHIBITS ................................................................................ vi

CONCISE STATEMENT OF THE ISSUES PRESENTED ...................... vii

CONTROLLING OR MOST APPROPRIATE AUTHORITY................. viii

I. INTRODUCTION ..................................................................................1

II. STATEMENT OF FACTS..................................................................2

III. STANDARD OF REVIEW ...............................................................5

  A. STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED........................5

IV. LEGAL ARGUMENT .......................................................................7

  A. DISMISSAL MUST BE ENTERED IN FAVOR OF DEFENDANTS AS PLAINTIFF'S COMPLAINT ON ITS FACE IS DEFICIENT AS A MATTER OF LAW AND HIS CLAIMS ARE TIME BARRED AS A MATTER OF LAW...................................................................................7

  B. UNDER MICHIGAN LAW, A PERSONAL INJUARY CAUSE OF ACTION ACCRUES ON THE DATE WHEN PLAINTIFF IS HARMED; PLAINTIFF'S CAUSE OF ACTION IS PROPERLY DEEMED AS HAVING ACCURED ON JUNE 29, 2017 THE DATE OF HIS TERMINATION FROM EMPLOYMENT ...............................................................10

  C. LIMITATIONS OR BAR DATE IS JUNE 30, 2020.................12

V. CONCLUSION ...................................................................................13

5837659v.1

<u>TABLE OF AUTHORITIES</u>

**Cases**

*Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)..................................................... viii, 6, 7, 9, 10

*Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545 (2007)……...10

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 554(2007) ......................................6, 7, 9, 10

*Boyle v. General Motors Corp,* 486 Mich. 266, 661 NW2d 577 (2003)......................11

*Conley v. Gibson* 355 U.S. 41(1957) ................................................................................6

*Connelly v Paul Ruddy's Equipment Repair & Serv. Co,* 388 Mich. 146, 200 NW 2d 70 (1972) ........................................................................................................12

*Gladych v New Family Homes, Inc*, 468 Mich. 594, 664 NW2d 705 (2003)……………………………………………………………………………...12

*Parker v. Cadillac Gage Textron*, 214 Mich. App. 288, 542 NW2d 365 (1995) ……11

*Slayton v. Michigan Host, Inc.*, 144 Mich. App. 535, 376 NW2d 644 (1985)...... viii, 11

*Stephens v Dixon,* 449 Mich. 531; 536 NW2d 755 (1995) ............................................11

**Statutes**

42 U.S.C. § 1981....................................................................................................4, 5, 7, 12

Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101 et seq………………… 4, 5, 7, 12

MCL 600.5805................................................................................................... viii, 11, 12

MCL 600.5805(2)................................................................................................ 5, 10, 11, 12

MCL 600.5827.......................................................................................................................11

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................................................. *passim*

5837659v.1

## __TABLE OF EXHIBITS__

Exhibit A:   Plaintiff's Complaint, Summons, and Affidavit of Service

Exhibit B:   Positive Drug Screen

Exhibit C:   Statement of Manger about Behavior

Exhibit D:   Termination Date and Payroll Change

Exhibit E:   Drug Policy

Exhibit F:   Collective Bargaining Agreement

Exhibit G:   NLRB Notice of Dismissal

Exhibit H:   EEOC Dismissal and Notice of Rights

5837659v.1

## CONCISE STATEMENT OF THE ISSUES PRESENTED

1.      Should Plaintiff's cause of action be dismissed for his failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) where Plaintiff: 1) filed his complaint while admittedly testing positive for illicit drugs as the reason for his termination, but alleging he was terminated instead because he is black without more; 2) filed his complaint after the expiration of the statute of limitations; 3) failed to timely request arbitration of his claims as required as a pre-requisite under the collective bargaining agreement; and 4) where the National Labor Relations Board confirmed Plaintiff failed to timely file his arbitration demand under the collective bargaining agreement?

Defendant answers:      Yes.

NLRB:      Answered yes to failure to timely request arbitration and dismissed charge.

EEOC:      Dismissed Plaintiff's charge.

Plaintiff presumably answers: No.

<u>CONTROLLING OR MOST APPROPRIATE AUTHORITY</u>

The controlling or most appropriate authority is Federal Rules of Civil Procedure Rule 12(b)(6), which authorizes a party to move for dismissal of a cause of action when the complaint fails to state a claim upon which relief can be granted, *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), MCL 600.5805 and *Slayton v. Michigan Host, Inc.*, 144 Mich. App. 535, 376 NW2d 644 (1985).

## I.   INTRODUCTION

On June 29, 2017, Plaintiff was terminated from his employment for testing positive for illicit drug use.  His test was performed in accordance with Defendant's drug policy after Plaintiff became aggressive with a supervisor and was not making sense in his speech, thus providing reasonable suspicion warranting the supervisor to order the drug test. None of these facts are in dispute.

Plaintiff claims he was terminated because he is black.  During the year of Plaintiff's termination 2017, a total of three employees were terminated for drug use. Two were white males, one was a black male – the Plaintiff.

Plaintiff filed his claims outside of the applicable statute of limitations period. In addition, Plaintiff did not meet the collective bargaining agreement requirements of: 1) filing a written grievance; and 2) making a timely request for arbitration - which requires that a request for arbitration of an adverse employment action shall be made within 20-days of the adverse employment action.  The National Labor Relations Board confirmed Plaintiff's request for arbitration of the adverse employment action was also untimely and outside of the period required by the NLRB and that Plaintiff failed to even file a grievance as required under the collective bargaining agreement. In addition, Plaintiff's NLRB claims were untimely and beyond the 6-month requirement.

The EEOC dismissed Plaintiff's discrimination claims.

## II.   STATEMENT OF FACTS

On June 20, 2017, Plaintiff was ordered tested for drugs use when he became aggressive and agitated toward his supervisor when his supervisor asked Plaintiff to stop working on one job and to perform another job.  Plaintiff then began making statements to his supervisor that were nonsensical and laden with obscenities. Plaintiff's conduct was such that his abusive and nonsensical speech and odd behavior caused reasonable suspicion of drug use such that it warranted mandatory drug testing. **(Exhibit C – Statement of Manager about Behavior).**

A drug lab test was performed June 21, 2017. The drug screen came back positive for the illicit drug marijuana. **(Exhibit B – Positive Drug Screen).** On June 29, 2017, Plaintiff was terminated from his job for drug use. **(Exhibit D – Termination).**  The termination was consistent with company policy. **(Exhibit E – Drug Policy).**  Plaintiff alleged he was not using drugs, but when asked if he wanted to submit to a second drug screen he refused.

Plaintiff claims that white workers were offered rehabilitation rather than termination when they tested positive for drugs. **(Exhibit A – Plaintiff's Complaint).**  However, in 2017 - the year of Plaintiff's termination - all employees who tested positive for illicit drugs were terminated.  In 2017, there were a total of three workers terminated for positive drug tests.  The racial makeup of the terminated employees was: two white males and one black male (Plaintiff).  In addition, no

2

employee at Borroughs Corporation has requested rehabilitation in lieu of termination and no such offer to any employee has been made by Borroughs Corporation.  Borroughs Corporation has a zero tolerance drug and alcohol policy. **(Exhibit E – Company Rules).** Borroughs' policy is that if you have illegal drugs or alcohol in your body while on the company premises, you will be terminated. This policy is universally applied to all races and genders. The collective bargaining agreement provides that:  "Any disputes with respect to this Program [the Drug and Alcohol Testing Program] shall be subject to the grievance procedure." **(Exhibit F – Collective Bargaining Agreement, Article XVII, ¶ 13).**

Plaintiff failed to timely raise any grievance and also failed to request arbitration as required by the collective bargaining agreement. The Rules of Grievance Processing, provide at §4, ¶c that: "A grievance not initiated in a timely manner or appealed to the next higher step within the time limits set forth in the procedure shall be deemed resolved per the Company's last position." **(Exhibit F – Collective Bargaining Agreement, Article VI, § 4, ¶ c).**

In accordance with the collective bargaining agreement grievance procedure, of which the drug testing policy is part of, Plaintiff was required to demand arbitration within 20-days of an adverse employment action or termination. However, Plaintiff failed to make a timely request under the collective bargaining

agreement.  Plaintiff made no demands for arbitration as required by the collective bargain agreement – none.

In fact, Plaintiff did not follow any of the union grievance protocols timely or at all.  He did not file a grievance within five (5) working days from a discussion about the grievance (or within 7-days after the incident). Plaintiff also failed to timely file a request for arbitration within twenty (20) calendar days of the incident. (**See Exhibit F- Collective Bargaining Agreement, Article VI Grievance Procedure and Section 3 – Arbitration, pp 7-10).**

The National Labor Relations Board (NLRB) found Plaintiff's claims were untimely. And his NLRB appeal was also made more than 6-months after the adverse employment action and not within the required time frame provided within the collective bargaining agreement. **(Exhibit F – Collective Bargaining Agreement; Exhibit G – NLRB Notice of Dismissal and Appeal Dismissal).**

Plaintiff's complaint alleges claims for wrongful termination under the Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101 et seq. and 42 U.S.C. §1981, alleging that his failure to pass a drug test was a pretext for discrimination, i.e., that he, as a black male, was treated differently than white males. Plaintiff alleges a termination date of June 29, 2017. **(Exhibit A – Plaintiff's Complaint; Exhibit B –Positive Drug Screen of 6/21/17 reported 6/27/17; Exhibit D – Termination Date and Payroll Change Documentation of 6/29/17).**

4

Plaintiff filed his complaint on September 16, 2020 and served Defendant Borroughs Corporation on September 21, 2020. **(Exhibit A – Complaint, Summons, and Affidavit of Service).** Pursuant to MCL 600.5805(2) the statute of limitations is 3-years for claims brought pursuant to the Elliott-Larsen Civil Rights Act, M.C.L.A. § 37.2101, *et seq.* and 42 U.S.C. § 1981.

Plaintiff has filed his complaint outside of the 3-year limitations period provided by MCL 600.5805(2) requiring Plaintiff to file his complaint on or before June 30, 2020.  This is true even given the Michigan Supreme Court's Order allowing a 60-day grace period due to COVID-19.  Plaintiff's complaint was filed 84-days after the expiration of the statute of limitations.

### III.   STANDARD OF REVIEW

#### A.   STANDARD FOR DISMISSAL FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.

Under Federal Rules of Civil Procedure 12(b)(6) a purported cause of action may be dismissed when the complaint fails to state a claim upon which relief can be granted. To survive a motion to dismiss under Rule 12(b)(6) the compliant must meet two criteria:

1.  It must assert a plausible claim; and

2.  It must set for sufficient factual allegations to support the claim.

5837659v.1

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. 554).

In *Tombly*, the Supreme Court squarely rejected the Fed. R. Civ. P. 12(b)(6) standard set forth under *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Twombly*, 550 U.S. at 560-61. Pleadings are no longer satisfied by "an unadorned the-defendant-unlawfully-harmed me accusation."  *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly* 550 U.S. at 55). The Court explained that neither a "formulaic recitation of the elements of cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).

To now satisfy the standard after the Court's rejection of *Conley v. Gibson*, and to comply with the governing pleading requirements under *Twombly* and *Iqbal*, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*.  A claim has facial plausibility when the plaintiff pleads enough factual content that allows the court to draw the reasonable inference that the defendant is liable under the alleged claim." *Id.* (citing *Twombly*, 550 U.S. at 556).  "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because there are no more than conclusions, are not entitled to assumption of truth." *Id.* at 1950.  Accordingly, if allegations are merely "conclusory," they are "not entitled to be assumed true." *Id.* Even if a court decides

that the factual allegations are entitled to an assumption of truth, however, the facts must also "plausibly suggest an entitlement to relief." *Id* at 1951.

## IV.    LEGAL ARGUMENT

**A.    DISMISSAL MUST BE ENTERED IN FAVOR OF DEFENDANTS AS PLAINTIFF'S COMPLAINT ON ITS FACE IS DEFICIENT AS A MATTER OF LAW AND HIS CLAIMS ARE TIME BARRED.**

As a matter of law, Plaintiff's discrimination claims are noncompliant with meeting the pleadings standards under *Twombly* and *Iqbal*. As a threshold matter, Plaintiff has not pled any of the prima facie elements of a race discrimination claim under either the Elliott-Larsen Civil Rights Act, MCL § 37.2101 or 42 U.S.C. § 1981.

For instance, while Plaintiff admits that a collective bargaining agreement is in place, he nevertheless fails to apprise the court that he failed to follow any of the required steps to seek a timely arbitration. This alone should suffice dismissal of Plaintiff's Section 1981 claim. For how can the Plaintiff be treated differently under law and under the collective bargaining agreement when he fails to follow any of the contractual requirements set forth to remedy disputes under the collective bargaining agreement. Ostensibly, Plaintiff argues he himself mustn't be bound by the collective bargaining agreement's procedures, but if there is some part of the collective bargaining agreement that could possibly, with a constrained reading and

7

twisted logic, provide Plaintiff a glimmer of a possible claim, it should be enforced against the Defendant. This logic is nonsensical as is Plaintiff's complaint.

Plaintiff admits he was terminated for a positive drug screen in violation of company policy. But, Plaintiff also states that the reason he was terminated was because he is black, not because of his positive drug test.  Plaintiff, without any factual statements, or any developed factual allegations, simply assumes that white workers are preferentially treated over him, when it comes to termination for illicit drug use.  He further makes the naked assertion (though demonstrably false) that the preferential treatment other races of workers get is rehabilitation over termination. But, Plaintiff provides no factual basis, no factual background, nor does he even provide one example of any employee who either elected rehabilitation or was offered rehabilitation instead of termination.  The simple fact is that he cannot, because no employee has requested rehabilitation, nor has any employee been offered rehabilitation before a drug screen and no employee of Borroughs has received anything but termination for a positive drug test.  This is universally applied amongst all races of employees at Borroughs.   In fact, the year of Bownes' termination in 2017 there were a total of three terminations for positive illicit drug tests.  Of these terminations for positive illicit drug tests there were two white males terminated and one black male terminated – the Plaintiff.

8

More significant, Plaintiff fails to advise the court anywhere in his pleadings that he completely ignored the collective bargaining agreement requirements regarding grievance protocols and arbitration demand. Indeed, the collective bargaining agreement's Drug and Alcohol Testing states: "Any disputes with respect to this Program shall be subject to the grievance procedure." **(Exhibit F – Collective Bargaining Agreement, Article XVII, ¶ 13).** But here, Plaintiff chose not to timely file a grievance. In addition, he failed to request arbitration. Indeed, the NLRB confirmed that Plaintiff failed to timely file his grievance, a request for arbitration, and his request for NLRB review of the matter was also untimely.

Plaintiff's complaint is "an unadorned the-defendant-unlawfully-harmed me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly* 550 U.S. at 55) that the Supreme Court held must be dismissed. Moreover, the Court explained that neither a "formulaic recitation of the elements of cause of action" nor "naked assertions [of fact] devoid of further factual enhancement" is sufficient to withstand dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell Atlantic Corp. v. Twombley*, 550 U.S. 554, 555 (2007).

Indeed, Plaintiff's complaint is not only "an unadorned the-defendant-unlawfully-harmed me accusation," but it also provides no factual basis whatsoever to even come close to meeting the pleading requirements of *Iqbal*. Here, Plaintiff alleges simply that he is black, he was terminated for illicit drug use, and he thinks

9

that white workers get preferential treatment on the subject of termination for illicit

drug use. But, he provides no more facts to make the next logical implication and

fails to support his naked assertions. Without more, Plaintiff's complaint is deficient

as a matter of law.

While courts are required to accept the factual allegations in a complaint as

true, *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965, the presumption of truth does

not apply to a claimant's legal conclusions, *Iqbal*, 556 U.S. at 678, 129 S. Ct. at

1949. Therefore, to survive a motion to dismiss, a plaintiff's pleading for relief must

provide "more than labels and conclusions, and a formulaic recitation of the

elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City

of Cleveland*, 502 F.3d 545, 548 (2007) (quoting *Twombly*, 550 U.S. at 555, 127 S.

Ct. at 1964-65) (internal citations and quotations omitted).  Indeed, Plaintiff's

complaint allegations are the *sine qua non* of the complaint that the Supreme Court

would find to be a "formulaic recitation of the elements of cause of action" or "naked

assertions [of fact] devoid of further factual enhancement" and therefore is sufficient

to warrant dismissal. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009), *citing Bell

Atlantic Corp. v. Twombley*, 550 U.S. 554, 555 (2007).

**B.    UNDER MICHIGAN LAW, A PERSONAL INJURY CAUSE OF ACTION ACCRUES
ON THE DATE WHEN THE PLAINTIFF IS HARMED; PLAINTIFF'S CAUSE OF
ACTION IS PROPERLY DEEMED AS HAVING ACCRUED ON JUNE 29, 2017 THE
DATE OF HIS TERMINATION FROM EMPLOYMENT**

MCL 600.5805 provides: "(1) A person shall not bring or maintain an action to recover damages for injuries to persons or property unless, after the claim first accrued to the plaintiff or to someone thorough whom the plaintiff claims, the action is commenced within the periods of time prescribed by this section."  Further, pursuant to MCR 600.5805(2), the period of limitations for a personal injury, such as the instant matter, is three years.  *See Slayton v. Michigan Host, Inc.*, 144 Mich. App. 535, 376 NW2d 644 (1985). In a discriminatory discharge case, the cause of action accrues on the date the plaintiff is actually discharged.  Thus, the statute begins to run on the last date the plaintiff actually worked, rather than an "effective date of separation" contained in the employer's records. *Parker v. Cadillac Gage Textron*, 214 Mich. App. 288, 542 NW2d 365 (1995).

MCL 600.5827 defines the time of accrual for action subject to the three-year limitations period provided by MCL 600.5805(2).  Specifically, MCL 600.5827 provides that "the period of limitation runs from the time the claim accrues" and the "the claim accrues at the time the wrong upon which the claim is based was done regardless so the time when damages results." For purposes of MCL 600.5827, the term "wrong" refers to the date on which the plaintiff was harmed by the defendant's act. *Boyle v. General Motors Corp,* 486 Mich. 266, 231 n 5; 661 NW2d 577 (2003); *Stephens v Dixon,* 449 Mich. 531, 534-535; 536 NW2d 755 (1995).  Accordingly, a cause of action accrues when all of the elements of an action for personal injury,

including the element of damage, are present.  *Connelly v Paul Ruddy's Equipment Repair & Service Co,* 388 Mich. 146, 150-151; 200 NW 2d 70 (1972).

Here, Plaintiff claims he was terminated because of his race and that his dismissal for testing positive for illicit drug use on the job was a pretext.  The termination date from employment controls as the accrual date and is nevertheless governed by MCL 600.5805(2) for both the ELCRA and Section 1981 claims.

## C.    LIMITATIONS OR BAR DATE IS JUNE 30, 2020

Because Plaintiff's claim accrued on the date of his termination on June 29, 2017, his bar date is June 30, 2020. Plaintiff was therefore required to file his complaint on or before June 30, 2020. However, Plaintiff waited until September 16, 2020 to file his complaint and then serve it on September 21, 2020 and by doing so he filed beyond the bar date, even when considering the COVID-19 grace period orders which require filing within 60-days of the limitations bar date. Here, Plaintiff was required to file his complaint on or before August 30, 2020. Here, Plaintiff waited until September 21, 2020 to serve his complaint.  In *Gladych v New Family Homes, Inc*, 468 Mich. 594, 664 NW2d 705 (2003), the Michigan Supreme Court held that merely filing a complaint under MCL 600.5805 was insufficient to toll the statute of limitations. Accordingly, this court should appropriately enter an order of dismissal.

V.    <u>CONCLUSION</u>

As a matter of law, dismissal should be granted for Defendant where Plaintiff's claim is barred for: 1) failure to plead a claim upon which relief can be granted; 2) failure to timely file consistent with the statute of limitations; 3) failure to timely seek arbitration consistent with the collective bargaining agreement requirements.

WHEREFORE, Defendant Borroughs Corporation, respectfully requests this Honorable court GRANT Defendant's Motion for Dismissal pursuant to Fed. R. Civ. P. 12(b)(6) and award Defendants any and all further relief this court deems just and proper.

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By: */s/ Jeffrey C. Hart*
    Jeffrey C. Hart (P69217)
    Attorneys for Defendants
    17197 N. Laurel Park Drive, Suite 201
    Livonia, MI 48152
Dated: October 12, 2020    Phone:  (313) 327-3100

13

Certificate of Compliance pursuant to LCivR 7.2(b)(ii)

Pursuant to LCivR 7.1(b)(i), I hereby certify that this Brief in support of Defendants' Motion for Summary Disposition contains 3,113 words, as counted by Microsoft Office Professional Plus 2013.

By: */s/ Jeffrey C. Hart*_____

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the attorneys of record of all parties to the above cause, by USDC Western District E-Filing on October 12, 2020.

By:  /s/ Kathleen T. Brennan
        Kathleen T. Brennan

14